Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL V

| BRENDA L. SAYÁN RESTO **Apelante** **V.** AUTOS DEL ESTE, INC. h/n/c AUTOS DEL ESTE KIA HUMACAO/NAGUABO AUTO SALE **Apelado** | KLAN202400252 | *APELACIÓN* procedente del Tribunal de Primera Instancia, Sala Superior de Caguas Civil. Núm. CG2018CV00977 Sobre: Despido Injustificado |
|---|---|---|

Panel integrado por su presidente, el Juez Hernández Sánchez, la Jueza Romero García y la Jueza Martínez Cordero.

Hernández Sánchez, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 23 de mayo de 2024.

El 14 de marzo de 2024, la Sra. Brenda L. Sayán Resto (señora Sayán o apelante) compareció ante nos mediante una *Apelación* y solicitó la revisión de una *Sentencia* que se dictó el 10 de enero de 2024 y se notificó el 11 de enero de 2024 por el Tribunal de Primera Instancia, Sala Superior de Caguas (TPI). Mediante el aludido dictamen, el TPI resolvió que no encontró fundamentos en las alegaciones de represalias de la señora Sayán al amparo de la Ley Núm. 115 de 20 de diciembre de 1991, según enmendada, mejor conocida como *Ley de Represalias contra el Empleado por Ofrecer Testimonio,* 29 LPRA sec. 194 *et seq.* (Ley Núm. 115). Además, determinó que el despido de la señora Sayán fue uno injustificado ya que el patrono no logró justificar su despido. En consecuencia, declaro Ha Lugar la Demanda en cuanto al despido injustificado al amparo de la Ley Núm. 80 de 30 de mayo de 1976, según enmendada, también conocida como *Ley sobre Despidos Injustificados,* 29 LPRA sec. 185a *et seq.* (Ley Núm. 80) y ordenó el pago de la mesada correspondiente por la cantidad de $12,115.38.

Por los fundamentos que expondremos a continuación, **modificamos** el dictamen recurrido y así modificado **confirmamos**.

I.

El 18 de junio de 2018, la señora Sayán presentó una *Querella* sobre despido injustificado y represalias en el empleo al amparo del procedimiento sumario de la Ley Núm. 2 de 17 de octubre de 1961, según enmendada, mejor conocida como *Ley de Procedimiento Sumario de Reclamaciones Laborales,* 32 LPRA sec. 3118 *et seq.* en contra de Naguabo Auto Sales, Inc. (NAS o parte apelada).[1] En esta, alegó que trabajó como vendedora en NAS y luego como gerente en Autos del Kia en Humacao mediante contrato a tiempo indeterminado en distintos periodos de tiempo. Adujo que el 26 de diciembre de 2016, le informó a su supervisor de ese entonces, el Sr. Félix Jiménez, y a la secretaria de este último, que acudiría al Fondo del Seguro del Estado (Fondo) como consecuencia de un accidente que sufrió en su trabajo el 4 de junio de 2016. Indicó que, el 28 de diciembre de 2016, se reportó al Fondo y ese mismo día fue a su trabajo a entregar los documentos que le dieron allí y fue despedida. En lo pertinente, argumentó que dicha actuación constituyó represalias en el empleo por haberse acogido a los beneficios del Fondo. Así pues, solicitó que se declarara Ha Lugar la querella y que se le concediera una suma razonable por concepto de honorarios de abogado que no fuese menor del 25% de las sumas que se le concedieran.

El 9 de agosto de 2018, NAS presentó su *Contestación de Querella* y en esta negó la mayoría de las alegaciones en su contra.[2] Específicamente, sostuvo que la apelante dejó su empleo voluntariamente en enero del 2016 y por esta razón, afirmaron que no incurrieron en represalias. Posteriormente, el 18 de marzo de

---

[1] Véase, págs. 1-4 del apéndice del recurso.
[2] Íd., págs. 5-7.

2019, la apelante solicitó enmendar la querella con el único fin de incluir como parte demandada a Autos del Este, Inc. (ADE o parte apelada).[3] Sin embargo, el 16 de abril de 2019, NAS se opuso a dicha solicitud argumentando que, si se enmendaba la querella a esos fines, ya la causa de acción no se podría ver por la vía sumaria.[4] El 25 de abril de 2019 el TPI emitió una *Orden* mediante la cual aceptó la enmienda solicitada y convirtió el pleito en uno ordinario.[5] El 28 de junio de 2019, ADE presentó su alegación responsiva y en esta negó la mayoría de las alegaciones en su contra y presentó sus respetivas defensas afirmativas.[6]

Luego de varios trámites procesales, el 25 de agosto de 2020, la señora Sayán presentó una *Solicitud de Sentencia Sumaria.*[7] En primer lugar, enumeró veinticuatro (24) hechos que, a su juicio, no estaban en controversia. Luego, en lo pertinente, argumentó que, conforme a los hechos antes mencionados, el derecho aplicable y la prueba documental incluida como parte de dicha solicitud, era evidente que la parte apelada incurrió en represalias en su contra. Particularmente, sostuvo que cumplía con los requisitos que exigía la Ley Núm. 115, *supra*, para probar que en efecto hubo represalias. Es decir, (1) que incurrió en una actividad protegida al expresarle al supervisor de ADE que acudiría al Fondo el 26 de diciembre de 2016; (2) que posteriormente sufrió una acción disciplinaria adversa por parte del patrono toda vez que fue despedida; y por último (3) que existía un nexo causal entre la conducta protegida y la acción disciplinaria o adversa del patrono puesto que el despido fue inmediatamente después de que ella incurrió en la conducta protegida. Así pues, solicitó que el TPI declarara Ha Lugar la Sentencia Sumaria.

---

[3] Íd., págs 8-9.
[4] Íd., págs. 16-17.
[5] Íd., pág. 18.
[6] Íd., págs. 19-22.
[7] Íd., págs. 43-61.

El 6 de octubre de 2020, NAS presentó una *Oposición a Solicitud de Sentencia Sumaria.*[8] En esta, esbozó los hechos que entendía que estaban en controversia. Además, se limitó a exponer que la apelante no mencionó que el 23 de diciembre de 2016 se celebró una fiesta de navidad en la cual se embriagó y realizó en alta voz expresiones vulgares hacia el dueño de los "dealers". De igual forma, alegó que luego de la fiesta de navidad la apelante no regresó a su empleo hasta el 28 diciembre de 2016 y ese día llegó al dealer de KIA de Autos del Este con sus uniformes a entregarlos con sus llaves pues esta última sabía de la falta que cometió. Adujo que era falso que ese día la apelante le informara al supervisor que se iba a reportar al Fondo. Por esta razón, sostuvo que no incurrió en represalias y no procedía la Sentencia Sumaria que solicitó la apelante.

El 16 de noviembre de 2020, la parte apelante presentó una *Réplica a Oposición a Solicitud de Sentencia Sumaria* y el 25 de noviembre de 2020, NAS presentó una *Dúplica a Réplica.*[9] Atendidos los planteamientos de ambas partes, el TPI dictó y notificó una *Resolución* el 29 de marzo de 2021.[10] En primer lugar, realizó las siguientes determinaciones de hechos:

1. La parte querellante, ahora demandante, reside en la Urbanización El Encanto, Calle Azalea 1912 en Juncos, Puerto Rico, 00777.

2. Naguabo Auto Sales, Inc., es una corporación debidamente registrada con el número 23293, autorizada a realizar negocios en Puerto Rico, que opera, entre otros, el concesionario de autos Naguabo Auto Toyota en Naguabo, Puerto Rico, el cual se dedica, entre otras cosas, a la compra y venta de vehículos de motor.

3. Naguabo Auto Toyota se encuentra ubicado en la Carretera 31 en Naguabo, Puerto Rico.

4. Autos del Este, Inc., es una corporación debidamente registrada con el número 366842,

---

[8] Íd., págs.119-123.
[9] Íd., págs. 133-146 y págs. 147-148.
[10] Íd., págs. 150-161.

autorizada a realizar negocios en Puerto Rico, que opera, entre otros, al concesionario de autos Autos del Este Kia en CG2018CV00977 Humacao, Puerto Rico, que se dedica entre otras cosas, a la compra y venta de vehículos de motor.

5. Autos del Este Kia se encuentra en la Calle Dr. Vidal #122, Esquina Orión, en Humacao, Puerto Rico.

6. El presidente y agente residente de ambas corporaciones lo es el Sr. Luis G. García Benítez.

7. La demandante trabajó para la demandada Naguabo Auto Sales durante los siguientes periodos: a. agosto de 1999 a agosto de 2001; b. 9 de octubre de 2006 a mayo de 2010; y c. 7 de enero hasta el mes de julio de 2016, aproximadamente.

8. Desde en o alrededor del mes de julio de 2016 hasta el 28 de diciembre de 2016 la demandante vendió autos tanto para Naguabo Auto Sales, Inc., como para Autos del Este, Inc., recibiendo pagos por concepto de comisiones de ambas corporaciones.

9. Durante los periodos de tiempo que la demandante trabajó en Naguabo Auto Sales, Inc., lo hizo en calidad de vendedora, mediante contrato a tiempo indeterminado.

10. En Autos del Este, Inc., la demandante se desempeñó como Asistente de Gerente y vendedora, mediante contrato a tiempo indeterminado.

11. El salario devengado por la demandante en Naguabo Auto Sales, Inc., durante el periodo correspondiente de enero a diciembre de 2016 fue de $15,426.00, equivalente a $1,285.50 al mes.

12. El salario devengado por la demandante en Autos del Este Kia, Inc., durante el periodo correspondiente de julio a diciembre de 2016 fue de $11,969.30, equivalente a $1,994.88 al mes.

13. Cónsono con lo anterior, el salario más alto devengado por la demandante durante su último año de empleo fue de $3,280.38 al mes.

14. El 4 de junio de 2016 la demandante sufrió un accidente en las facilidades del concesionario Naguabo Auto Toyota en el cual un técnico, mientras conducía un vehículo del concesionario, pisó el pie derecho de la querellante.

15. Luego de sufrido el accidente, la querellante no se ausentó de su empleo.

16. El 26 de diciembre de 2016 la querellante notifica a su supervisor de Autos del Este, que se reportaría al Fondo.

17. El 28 de diciembre de 2016 la querellante se reportó al Fondo.

Luego de establecer las determinaciones de hechos antes expuestas, el TPI determinó que existían controversias sobre los hechos esenciales del caso que le impedían al Tribunal a resolver de manera justa y rápida a través del mecanismo sumario. Particularmente, puntualizó que subsistía la duda de la naturaleza del despido y su correlación a la visita de la apelante al Fondo. Además, señaló que había controversia en cuanto a si la apelante renuncio al recurrir a su patrono con la entrega de materiales y llaves de la compañía o si en efecto fue despedida debido al altercado que tuvo con el dueño de las compañías apeladas en una fiesta de navidad. Por estas razones, declaró No Ha Lugar la solicitud de Sentencia Sumaria de la apelante y señaló una vista sobre estado de los procedimientos para los efectos de seleccionar fecha para juicio en su fondo.

El juicio en su fondo se celebró el 14 de abril de 2023, y posteriormente, el 10 de enero de 2024 el TPI dictó una *Sentencia* que se notificó el 11 de enero de 2024.[11] En esta enumeró las siguientes determinaciones de hechos pertinentes:

1. La demandante que fungió como vendedora para la querellada durante los siguientes periodos: de agosto de 1999 a agosto de 2001; de 9 de octubre de 2006 a mayo de 2010 y del 8 de enero al 28 de diciembre de 2016.

2. Llegada la ocasión de la Fiesta de Navidad de Naguabo Auto Sales y Autos del Este Kia, la demandante y el querellado tuvieron un alterado en la barra. Ambos habían consumido bebidas alcohólicas.

3. El incidente en la barra entre la demandante y el señor García Benítez fue en presencia de otros empleados.

4. La demandante y el querellado tuvieron una relación íntima de queridato por más de 5 años.

5. El salario más alto devengado por la querellante fue de $3,500.00 dólares mensuales.

---

[11] Íd., págs. 378-382.

6. Del expediente electrónico no surge carta de despido; carta de renuncia, ni amonestaciones a la demandante durante su periodo laboral.

7. Se presentó evidencia de la comparecencia de la querellada al Fondo del Seguro del Estado y su tratamiento, posterior haber laborado en el concesionario, más alegaciones de despido por haber acudido a este.

8. Hubo alegaciones sobre una transacción de "trade in" de un vehículo de un familiar de la demandante como detonante para su despido.

A base de estas determinaciones de hechos y luego de evaluar las argumentaciones de ambas partes, la prueba documental y testifical presentada y conforme al derecho aplicable, el TPI resolvió que no encontró fundamento en las alegaciones de represalia que presentó la apelante al amparo de la Ley Núm. 115, *supra*, por la transacción del vehículo que se dio en "trade in" ni por acudir al Fondo. Además, determinó que la parte apelada no logró justificar el despido de la apelante por lo que el despido fue injustificado. Así pues, declaró Ha Lugar la demanda en cuanto a la reclamación bajo la Ley Núm. 80, *supra*, y ordenó el pago de la mesada por la cantidad de $12,115.38.

Así las cosas, el 25 de enero de 2024, la parte apelada presentó una solicitud de reconsideración.[12] Asimismo, el 26 de enero de 2024, la apelante presentó una *Solicitud de Determinaciones de Hechos Adicionales y Moción de Reconsideración de Sentencia.*[13] En esta solicitó reconsideración sobre la determinación de represalias. El 13 de febrero de 2024, el TPI dictó y notificó dos Ordenes declarando No Ha Lugar ambas solicitudes de reconsideración.[14] Aún inconforme, el 14 de marzo de 2024, la apelante presentó el recurso de epígrafe y formuló los siguientes señalamientos de error:

**El Tribunal de Primera Instancia cometió error al determinar que no encontró fundamento para**

---

[12] Íd., págs. 383-385.
[13] Íd., págs. 386-397.
[14] Íd., págs. 398-399.

**determinar que la apelante fue víctima de represalia por acudir a la Corporación del Fondo de Seguro del Estado.**

**El Tribunal de Primera Instancia cometió error al desestimar la causa de represalias en el empleo al amparo de la Ley Núm. 115 de 20 de diciembre de 1991, habiendo determinado que la apelante fue despedida injustificadamente luego de informar que acudiría a la Corporación del Fondo del Seguro del Estado, esto en contravención a lo resuelto en *Irizarry v. Johnson & Johnson.***

**El Tribunal de Primera Instancia cometió error al omitir en su sentencia hechos favorables a la apelante que fueron probados mediante la prueba testifical y documental presentada, evidenciando con ello error en la apreciación de la prueba.**

**El Tribunal de Primera Instancia cometió error al no ordenar el pago de honorarios de abogado a pesar de que el presente caso trata de una reclamación laboral.**

El 18 de marzo de 2024, la parte apelante nos informó que presentaría la transcripción de la prueba oral del juicio en su fondo que se celebró el 14 de abril de 2023. En vista de ello, emitimos una *Resolución* informándole a la parte apelada que una vez se presentara la transcripción de la prueba oral estipulada, tenía el término de quince (15) días para presentar su alegato en oposición. Las partes entregaron la transcripción de la prueba oral estipulada y la parte apelada presentó su alegato en oposición oportunamente. En este, negaron que el TPI cometiera los errores que la señora Sayán le imputo. Con el beneficio de la comparecencia de ambas partes, procedemos a resolver el asunto ante nuestra consideración. *Veamos.*

II.

**-A-**

El Art. 2 de la Ley Núm. 115, 29 LPRA sec. 194a, establece que:

(a) Ningún patrono podrá despedir, amenazar o discriminar contra un "empleado con relación a los términos, condiciones, compensación, ubicación, beneficios o privilegios del empleo porque el empleado ofrezca o intente ofrecer, verbalmente o por escrito,

cualquier testimonio, expresión o información ante un foro legislativo, administrativo o judicial en Puerto Rico, así como el testimonio, expresión o información que ofrezca o intente ofrecer, en los procedimientos internos establecidos de la empresa, o ante cualquier empleado o representante en una posición de autoridad, cuando dichas expresiones no sean de carácter difamatorio ni constituyan divulgación de información privilegiada establecida por ley.

(b) Cualquier persona que alegue una violación a esta Ley podrá instar una acción civil en contra del patrono dentro de tres (3) años de la fecha en que ocurrió dicha violación **y solicitar se le compense por los daños reales sufridos, las angustias mentales, la restitución en el empleo, los salarios dejados de devengar, beneficios y honorarios de abogado. La responsabilidad del patrono con relación a los daños y a los salarios dejados de devengar, será el doble de la cuantía que se determine causó la violación a las disposiciones de esta Ley.**

(c) El empleado deberá probar la violación mediante evidencia directa o circunstancial. **El empleado podrá además establecer un caso prima facie de violación a la ley probando que participó en una actividad protegida por esta Ley y que fue subsiguientemente despedido, amenazado o discriminado en su contra de su empleo. Una vez establecido lo anterior, el patrono deberá alegar y fundamentar una razón legítima y no discriminatoria para el despido.** De alegar y fundamentar el patrono dicha razón, el empleado deberá demostrar que la razón alegada por el patrono era un mero pretexto para el despido. (Énfasis nuestro).

La Ley Núm. 115, *supra,* brinda protección a empleados frente a represalias que pueda tomar un patrono contra estos por proveer testimonio, expresión o información, ya sea verbal o escrita, ante un foro judicial, legislativo o administrativo. *S.L.G. Rivera Carrasquillo v. A.A.A.,* 177 DPR 345, 361 (2009); *Ocasio v. Kelly Servs.* 163 DPR 653, 684 (2005). Así, el propósito del estatuto es proteger a los empleados de cualquier discrimen por medio de represalias por participar en una actividad protegida. Íd., pág. 684.

Un obrero tiene dos (2) maneras de establecer un caso de represalias, esto es: (a) probar la violación mediante evidencia directa o circunstancial; o (b) establecer la presunción *juris tantum* de la Ley Núm. 115, *supra. S.L.G. Rivera Carrasquillo v. A.A.A., supra,* pág. 362. Así, una vez el obrero presenta un caso *prima facie,*

se crea una presunción de que el despido fue en represalias. Íd., pág. 361. **Un empleado establece un caso *prima facie* cuando prueba que: (1) participó en una actividad protegida por la ley; y (2) subsiguientemente fue despedido, amenazado o discriminado en su empleo.** (Énfasis nuestro). Íd., pág. 362. **Establecido lo anterior, le corresponde al patrono rebatir la presunción fundamentando el despido legítimamente.** (Énfasis nuestro). Íd. En caso de que el patrono cumpla con el segundo paso, el empleado debe demostrar que la razón alegada por el patrono es un mero pretexto para la acción adversa. Íd.

En lo pertinente al caso ante nos, con relación al primer requisito que todo empleado debe establecer para probar un caso *prima facie* por represalias –participación de una actividad protegida por la ley– el Tribunal Supremo estableció que **cuando un empleado acude a la Corporación del Fondo de Seguro del Estado para acogerse a sus beneficios, tal acción constituye una actividad protegida por la Ley Núm. 115, *supra*.** (Énfasis suplido) *Rivera Menéndez v. Action Service*, 185 DPR 431, 445 (2012).

En cuanto al segundo requisito, que exige que el empleado haya sido despedido, amenazado o discriminado en el empleo subsiguiente a su incursión en la actividad protegida, el Tribunal Supremo explicó que **la proximidad temporal es suficiente al momento de establecer un caso *prima facie*.** (Énfasis nuestro). Íd., pág. 446. Sobre el particular, indicó que "el legislador pretendió que, al establecer su caso *prima facie*, el empleado no se enfrentara a un proceso probatorio oneroso, sino que bastara su comprobación de que la acción adversa que experimentó ocurrió al poco tiempo de haber incurrido en la alegada actividad protegida. *Feliciano Martes v. Sheraton*, 182 DPR 368, 399-400 (2011).

**-B-**

El Art. 2 de la Ley Núm. 402 del 12 de mayo de 1950, según enmendada, también conocida como *Ley que Regula la Concesión de Honorarios de Abogado en los Casos de Reclamaciones de Trabajadores o Empleados Contra sus Patronos,* 32 LPRA sec. 3115 (Ley Núm. 402), en lo pertinente, dispone lo siguiente:

> En todo caso radicado ante las cortes de Puerto Rico por un trabajador o empleado en que se reclame cualquier derecho o suma de dinero contra su patrono, al amparo de la legislación laboral federal o local o convenio de trabajo de naturaleza individual o colectivo y en que se conceda la reclamación en todo o en parte, se condenará al patrono al pago de honorarios de abogado, si este no fuere uno de los abogados del Departamento de Trabajo y Recursos Humanos. [...]

III.

En su recurso, la señora Sayán nos solicitó la revocación parcial de un dictamen que el TPI emitió el 10 de enero de 2024 y notificó el 11 de enero de 2024. En este, el TPI resolvió que el despido de la señora Sayán fue injustificado y ordenó el pago de la mesada correspondiente para un total de $12,115.38. Sin embargo, sostuvo que, evaluada la prueba documental y testifical que se presentó en el juicio en su fondo, no encontraba fundamento para las alegaciones de represalias que se presentaron al amparo de la Ley Núm. 115, *supra,* por la apelante acudir al Fondo.

En virtud de lo antes expuesto, la apelante en su primer y segundo señalamiento de error, en síntesis, alegó que el TPI erró al resolver que no procedía la causa de acción de represalias en el empleo al amparo de la Ley Núm. 115, *supra,* por esta acudir al Fondo. En su tercer señalamiento de error, sostuvo que el TPI erró al omitir en su *Sentencia* hechos que fueron probados mediante prueba testifical y documental presentada. Por último, en su cuarto señalamiento de error, argumentó que el TPI erró al no ordenar el pago de honorarios de abogado.

Discutiremos los primeros dos señalamientos de error en conjunto por estar íntimamente relacionados entre sí. Conforme al derecho que antecede, para que un empleado establezca un caso *prima facie* de represalias tiene que probar lo siguiente: (1) que participó en una actividad protegida por la ley; y (2) que subsiguientemente fue despedido, amenazado o discriminado en su empleo. *S.L.G. Rivera Carrasquillo v. A.A.A., supra,* pág. 362. En el caso de autos, el TPI dictó una *Resolución* el 29 de marzo de 2021, la cual advino final y firme. En esta, realizó unas determinaciones de hechos en las cuales expresó que el 4 de junio de 2016, la señora Sayán sufrió un accidente de trabajo. Además, que posteriormente, el 26 de diciembre de 2016, la apelante le notificó a su supervisor de ADE que estaría acudiendo al Fondo. Dos días después, a saber, el 28 de diciembre de 2016, la apelante se reportó al Fondo. Cabe precisar, que de la transcripción de la prueba oral del juicio que se celebró el 14 de abril de 2023, surge la señora Sayán testificó sobre los hechos antes expuestos y expresó lo siguiente:

> P: Como no. Okay. A las 8:30, del 28 de diciembre de 2016, ¿Dónde estaba usted?
>
> R: En el Fondo del Seguro del Estado.[15]
>
> [...]
>
> P: ¿Qué documentos le dieron?
>
> R: Me dieron una tarjeta y unos documentos que tenía que llevarle a mi patrono.
>
> P: A su patrono. ¿Y que usted hizo?
>
> R: Me dirigí directamente a Autos del Este.
>
> [...]
>
> P: Ahora quiero que con todo detalle explique usted al Honorable Juez que usted hizo inmediatamente que llegó a Autos Kia del Este.
>
> R: Okay. Tan pronto llegué, el señor Jiménez, otra emple... dos empleadas más, estaba Brenda, estaban en el pasillo y estaban relajando ahí en

---

[15] Véase, pág. 73, líneas 9-11 de la Transcripción de la Prueba Oral.

la mañana. Y yo rápido le enseñé mi "carnet" amarillo y los papeles… le dije "Jiménez, vengo del Fondo, estos son los papeles que te… para que me los llenes." Y él se agarró la cabeza y me dijo "No, no, no, Ven, ven conmigo para la oficina, ven". Y él me lleva con él para la oficina. Al llevarme él a la oficina, me dice "Cierra la Puerta". Y él se sienta y me dice "Mira, Brenda, tu amigo me mandó que te despidiera. Yo no sé qué pasó ahí, no sé, pero tu amigo me dijo que te tenía que despedir. Él es tu amigo, tú hablas con él a cada rato y tú tienes confianza llámalo y pregunta. Yo solamente estoy siguiendo órdenes".

Y yo le dije "Pero ¿cómo tú me vas a despedir, tú sabes que yo venía para el Fondo, tú sabes todo lo que estaba pasando?". Y él me dijo estas palabras, me dijo "Tú sabes qué es lo que tú tienes que hacer". Y yo le dije "Pues de verdad que no sé". Me dijo, "Oriéntate, oriéntate".[16]

[…]

P: Eso es así. ¿A qué usted atribuye su despido como empleada de Autos del Este y de Naguabo Auto Sales?

R: No lo tengo claro. ¿El despido? No lo tengo claro. Yo entiendo que sería porque como iba al Fondo, no sé. Porque nosotros teníamos una comunicación diaria.[17]

Como podemos observar de lo que testificó la señora Sayán, luego de que esta acudió al Fondo el 28 de diciembre de 2016, ese mismo día, se dirigió a ADE a entregarle a su supervisor unos papeles que le proveyeron en el Fondo y este le informó que estaba despedida. Cabe precisar, que el TPI, como parte de las determinaciones de hechos del dictamen recurrido, expresó que del expediente no surgía carta de despido, carta de renuncia, ni amonestaciones a la apelante durante su periodo laboral.

En vista de lo anterior, resolvemos que cuando la apelante acudió al Fondo para acogerse a sus beneficios, su proceder constituyó una actividad protegida por la Ley Núm. 115, *supra.* Recordemos que según resolvió el Tribunal Supremo en el caso *Rivera Menéndez v. Action Service, supra,* pág. 445, cuando un

---

[16] Íd., pág. 77, líneas 10-25 y pág.78, líneas 1-16.
[17] Íd., pág. 81, líneas 5-9.

empleado acude al Fondo para acogerse a sus beneficios, tal acción constituye una actividad protegida según la Ley Núm. 115, *supra*. En cuanto al segundo requerimiento, resolvemos que quedó probado de que el mismo día que la apelante acudió al Fondo fue despedida por su supervisor. Dicho esto, es más que evidente que la acción adversa que experimentó ocurrió al poco tiempo de haber incurrido en la alegada actividad protegida por lo que se cumplió con el segundo requerimiento para probar un caso *prima facie* de represalias. Consecuentemente, la señora Sayán logró probar que participó de una actividad protegida y que subsiguientemente fue despedida por su patrono. Ante ello, le correspondía a la parte apelada presentar una razón justificada que legitimara el despido de la apelante.

En el caso de marras, con la intención de dar una razón justificada y destruir la presunción antes expuesta, la parte apelada alegó que no habían despedido a la apelante, sino que esta voluntariamente renunció a su puesto. Ello, porque se sentía culpable de una situación que ocurrió en una fiesta de Navidad del trabajo en la cual presuntamente, esta última se dirigió de manera irrespetuosa hacia el dueño de las compañías apeladas. El TPI, luego de evaluar toda la prueba documental y testimonial, consideró que el patrono no logró justificar el despido de la apelante. Sin embargo, no concedió los remedios correspondientes al amparo de la Ley Núm. 115, *supra*. Por lo tanto, concluimos que el TPI cometió los primeros dos señalamientos de error y, por ende, procede la causa de acción por represalias y le corresponde proceder conforme lo establece el Art.2 (b) de la Ley Núm. 115, *supra*. Dicho lo anterior, no procede discutir en sus méritos el tercer señalamiento de error relacionado a la apreciación de la prueba por parte del TPI.

Por último, en cuanto al cuarto señalamiento de error relacionado a la falta de concesión de honorarios de abogado por

parte del TPI, le asiste la razón a la señora Sayán. Incluso, la parte apelada en su oposición al recurso indicó que, al resolverse el despido como uno injustificado, procedía la concesión de honorarios de abogado. Como señalamos en el derecho que antecede, en todo caso radicado ante las cortes de Puerto Rico por un empleado en que se reclame cualquier derecho o suma de dinero contra su patrono, al amparo de la legislación local y en que se conceda la reclamación en todo o en parte, se condenará al patrono al pago de honorarios de abogado, si este no fuere uno de los abogados del Departamento de Trabajo y Recursos Humanos. Art. 2 de la Ley Núm. 402, *supra*. Consecuentemente, le corresponde al TPI determinar los honorarios de abogado correspondientes al presente caso. Dicho lo anterior, el cuarto señalamiento de error se cometió.

## IV.

Por los fundamentos antes expuestos, modificamos el dictamen recurrido a los efectos de resolver que sí procede la causa de acción de represalias en el empleo al amparo de la Ley Núm. 115, *supra*, y de igual forma, la concesión de honorarios de abogado conforme a la Ley Núm. 402, *supra*, y así modificado confirmamos. Consecuentemente, le ordenamos al Tribunal a que proceda conforme a lo aquí resuelto y proceda conforme lo establece el Art.2 (b) de la Ley Núm. 115, *supra*, y determine los honorarios de abogado correspondientes.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones